UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AXEDA SYSTEMS OPERATING COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>QUESTRA CORPORATION,<br><br>    Defendant. | Civil Action No.: 04-11477 RWZ |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Local Rule 16.1(D), plaintiff Axeda Systems Operating Company, Inc. ("Axeda") and defendant Questra Corporation ("Questra") submit the following statement.

**Introduction**

This is a suit for patent infringement. Axeda filed this action on June 29, 2004, charging Questra with infringement of U.S. Patent No. 6,757,714, entitled "Reporting the State of An Apparatus to A Remote Computer." The patented technology relates generally to systems for remote monitoring of devices over a network, such as the Internet, to determine when such devices need to be serviced or repaired.

Questra filed its Answer and Counterclaims on November 9, 2004. Questra contends that the '714 patent is not infringed and is invalid. In its counterclaims Questra seeks a declaratory judgment that the '714 patent is not infringed and is invalid.

**Agenda of Matters to Be Discussed at the Scheduling Conference**

Pre-Trial Discovery Plan and Briefing Schedule

**Discovery Plan and Proposed Schedule**

A. Amount of Discovery

At this time, the parties agree to be bound by the discovery limits set forth in Local Rule 26.1(C). If necessary, the limits may be increased by stipulation or upon motion for leave to increase the discovery limits set forth in Local Rule 26.1(C).

B. Discovery and Briefing Schedule

The parties are in partial agreement concerning the discovery and pre-trial motion schedule in this case. The parties agree concerning the overall time frame for fact and expert discovery and dispositive motion practice. The parties disagree on the following:

(1) The deadline for motions to amend the pleadings: Axeda proposes March 1, 2005, Questra proposes November 2005.

(2) The necessity of formal deadlines for claim construction discovery and of a claim construction briefing and hearing schedule separate and apart from the schedule for dispositive motions.

Axeda's Position

Axeda believes that claim construction issues are best raised after the close of discovery in conjunction with dispositive motion practice. Experience shows that early patent claim construction, divorced from the parties' respective infringement and invalidity contentions, often fails to resolve entirely the purely legal question of whether a claim should be construed to cover a given structure or method (either in an accused product or a prior art reference). See William F. Lee and Anita K Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim*

*Construction Hearings*, 13 Harv. J. of Law and Tech. 55, 79-80 (1999) (noting that "pre-discovery claim construction forces judges to analyze claim limitations in the abstract, before the parties have a clear idea of what is at stake in the litigation and what terms will prove decisive in the case" and arguing that the inefficiencies of early out-of-context claim construction outweigh its benefits). The frequent result is that the parties are required to further debate the meaning of claim terms in their respective summary judgment motions.

Axeda believes that in the present case, it is unlikely that there will be genuine factual disputes concerning the structures and methods used by the accused product or the structures and methods found in the prior art. Therefore, Axeda believes that a single round of briefing, during which the parties would both identify the relevant facts concerning infringement and validity and identify any disagreements concerning the applicability of the claims-in-suit to those facts, would result in a more efficient use of judicial resources and attorney time than the separate claim construction process proposed by Questra. See *Macneill Engineering Co., Inc. v. Trisport, Ltd.*, 126 F.Supp.2d 51, 54 (D. Mass. 2001) ("It has now become generally accepted that barring a case so clear that quick resolution is manifestly in the litigant's interests to minimize transactions costs, the best time to hold the Markman hearing is at the summary judgment state of the litigation…."). Alternatively, if the Court concludes that separate claim construction briefing is appropriate, Axeda submits that it should occur after the parties have exchanged expert reports (after which time the significance of any disagreement between the parties concerning claim scope should be apparent).

Questra's Position

Questra believes that an early claim construction process and *Markman* hearing will facilitate early resolution of this case, and at the very least will assist in framing key issues for

discovery and dispositive motions. Because claim interpretation is often case dispositive, construing disputed claims early in the litigation process has long been recognized as an appropriate method for efficient resolution of patent litigation.

Questra believes that this action is without merit because its products do not infringe any properly construed claim. Therefore, Questra, being a small company with limited resources, desires an early claim construction by the Court to enable expeditious resolution of this action by summary judgment or settlement.

It is clear from the pleadings that the parties disagree on the scope and meaning of certain claim terms of the asserted patent. Questra's proposed schedule provides for prompt identification of disputed terms and an early construction of those terms by the Court prior to the close of discovery and well before the filing of dispositive motions. With an early ruling by the Court regarding the scope and meaning of the disputed claim terms, the parties can conduct more efficient and focused discovery. *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 997 F. Supp. 93, 95 (D. Mass. 1997), *aff'd* 200 F. 3d 795 (Fed. Cir. 1999). For example, early claim construction allows the parties to limit expert discovery to the Court's constructions, thereby resulting in significant savings to both sides, since experts need not develop opinions to address numerous, possible claim interpretations. In short, early claim construction promotes greater judicial efficiencies.

Axeda's position that claim construction should not be divorced from infringement and invalidity contentions runs contrary to the Federal Circuit's well-established, important principle that claim construction must be conducted without reference to the accused device or system. *SRI International v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1118 (Fed. Cir. 1985);

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). The accused device is only relevant after the claims have been construed by the Court.

Further, extensive fact discovery is not needed to support the claim construction process since the meaning of technical terms in a patent claim should be determined based on its usage in the specification and arguments in the prosecution history, and with due consideration to general usage in the field of the invention. *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1326 (Fed. Cir. 2004); *see also Vivid Technologies*, 200 F.3d at 803-804 (where claim construction may be dispositive, the court may stay discovery concerning other issues). Questra's proposed schedule permits sufficient discovery of such intrinsic and extrinsic evidence before the parties are required to submit briefs in support of their proposed constructions.

Questra believes that greater judicial efficiency is to be gained through early construction of the asserted claims and requests that the Court adopt a schedule that separates claim construction from the submission of dispositive motions.

The following chart sets forth the parties respective scheduling proposals:

| EVENT | AXEDA'S PROPOSED DATE | QUESTRA'S PROPOSED DATE |
|---|---|---|
| Motions to amend the pleadings | March 1, 2005 | November 2005 – TBD (dependent upon Order construing claims) |
| Axeda files and serves a chart indicating which claims of the '714 patent are asserted, whether the assertion is based on literal infringement or under the doctrine of equivalents, and detailing how each claim reads on the accused product | No date needed. This information may be obtained through the normal discovery process. | February 7, 2005 |
| Exchange of proposed claim terms to be construed | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert | April 11, 2005 |

5


|  |  reports. |  |
| --- | --- | --- |
| Exchange of preliminary claim constructions and extrinsic support thereof | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert reports. | June 13, 2005 |
| Joint Claim Construction Statement | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert reports. | July 11, 2005 |
| Claim Construction Discovery Cutoff | No date needed. | July 29, 2005 |
| Plaintiff's Opening Claim Construction Brief | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert reports. | August 15, 2005 |
| Defendant's Opposition Claim Construction Brief | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert reports. | August 29, 2005 |
| Plaintiff's Reply Claim Construction Brief | No date needed. If the Court determines separate claim construction briefing is appropriate, it should occur after the exchange of expert reports. | September 9, 2005 |
| Claim Construction Tutorial and Markman Hearing | No date needed. | October 2005 -TBD |
| Fact discovery closes | January 31, 2006 | AGREED |
| Experts identified and expert reports from each party on those issues for which the party bears the burden | February 25, 2006 | AGREED |
| Rebuttal experts identified and exchange of rebuttal expert reports | March 24, 2006 | AGREED |
| Expert Discovery Closes | April 24, 2006 | AGREED |
| Dispositive motions filed by | May 24, 2006 | AGREED |

| | | |
|---|---|---|
| Oppositions to any dispositive motions | June 6, 2006 | AGREED |
| Replies to any dispositive motions | June 12, 2006 | AGREED |
| Hearing on dispositive motions | TBD | AGREED |
| Final pre-trial conference | Ready by August 1, 2006 | AGREED |

C. <u>Certifications Pursuant to Local Rule 16.1(D)(3)</u>

Plaintiff's certification is attached hereto as Exhibit A.

Defendant's certification is attached hereto as Exhibit B.

D. <u>Trial by Magistrate Judge</u>

The parties do not consent to trial by a Magistrate Judge.

E. <u>Alternative Dispute Resolution</u>

The parties do not consent to alternative dispute resolution.

Respectfully submitted,

_____         _____
Merton E. Thompson (BBO #637,056)     Gilbert H. Hennessey (BBO #230,720)
Burns & Levinson LLP                  Lawrence K. Kolodney (BBO #556,851)
125 Summer Street                     Kevin M. Littman (BBO #643,285)
Boston, MA 02110-1624                 Thomas A. Brown (BBO #657,715)

Telephone: (617) 345-3697
Facsimile: (617) 345-3299             FISH & RICHARDSON, P.C.
                                      225 Franklin Street
                                      Boston, MA 02110-2804
                                      Telephone: (617) 542-5070
Of Counsel:                           Facsimile: (617) 542-8906

Heller Ehrman White & McAuliffe LLP   Attorneys for Plaintiff
Alexander L. Brainerd                 AXEDA SYSTEMS OPERATING
Keith R. Weed                         COMPANY, INC.
2775 Sand Hill Road

7

Menlo Park, CA 94025-7084
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

Attorneys for Defendant
QUESTRA CORPORATION


Dated:  January 4, 2004